# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SUCCESSFUL CREDIT SERVICE, et al,<br><br>Defendants. | CV08-6829 ODW (SHx)<br><br>**ORDER OF PRELIMINARY INJUNCTION AGAINST ALL DEFENDANTS WITH CONTINUATION OF ASSET FREEZE** |

On October 16, 2008, Plaintiff Federal Trade Commission ("FTC" or "Commission"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act, 15 U.S.C. §§ 53(b) and 57b, and Section 410(b) of the Credit Repair Organizations Act, 15 U.S.C. § 1679h(b), filed a complaint for permanent injunction and other relief, including consumer redress, and applied <u>ex parte</u> but with notice to the Defendants, for issuance of a temporary restraining order with asset freeze and for an order to show cause why a preliminary injunction should not be granted pursuant to Rule 65 of the Federal Rules of Civil Procedure.

On October 17, 2008, this Court, having considered the totality of the evidence presented, granted the *ex parte* Application, instituted an asset freeze against the assets of both Defendants, and ordered a hearing to show cause why a

1  preliminary injunction should not be entered to take place on October 24, 2008 at
2  1:30 p.m.
3      Subsequently, the parties stipulated to continue the hearing on the issuance
4  of the preliminary injunction ("PI") and also that the Temporary Restraining Order
5  ("TRO"), would continue in full force and effect until such time as the Court issues
6  a decision on the matter of the ("PI"). The Court ordered that the hearing on the
7  issuance of a preliminary injunction shall take place on November 3, 2008.
8      Now, Plaintiff Commission, negotiating through its counsel, and Defendants
9  **TRACY BALLARD AKA TRACY BALLARD-STRAUGHN [BALLARD"]**
10 negotiating on behalf of herself and on behalf of Defendant **SUCCESSFUL**
11 **CREDIT SERVICES**("Corporate Defendant"),and the Corporate defendant have
12 agreed to stipulate to the entry of a preliminary injunction as to all Defendants, an
13 asset freeze, and other relief with the following findings of fact and order:

14    1. Defendants were properly served with the Complaint, Summons
15        and TRO and all other papers filed in this matter.
16    2. This Court has jurisdiction over the subject matter of this case,
17        and there is good cause to believe it will have jurisdiction of all
18        parties hereto and that venue in this district is proper;
19    3. Weighing the equities, this Preliminary Injunction is in the
20        public interest.
21    4. There is good cause to believe that Defendants Successful
22        Credit Service Corporation, dba Success Credit Services, and
23        Tracy Ballard, aka Tracy Ballard-Straughn (collectively
24        "Defendants"), have engaged in and are likely to engage in acts
25        and practices that violate Section 5(a) of the Federal Trade
26        Commission Act, 15 U.S.C. § 45(a), and the Credit Repair
27        Organizations Act, 15 U.S.C. §§ 1679-1679j;  and
28    5. The Commission is an independent agency of the United States

of America and no security is required of any agency of the United States for the issuance of a preliminary injunction.  Fed. R. Civ. P.  65(c).

# ORDER
## DEFINITIONS

For the purpose of this Preliminary Injunction ("Order"), the following definitions shall apply:

1. "**Asset**" means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," "notes" (as these terms are defined in the Uniform Commercial Code), and all chattel, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and cash, wherever located.

2. "**Assisting others**" means knowingly providing any of the following goods or services to another entity:

   a. performing customer service functions, including, but not limited to, receiving or responding to consumer complaints;

   b. formulating or providing, or arranging for the formulation or provision of, any marketing material;

   c. providing names of, or assisting in the generation of, potential customers; or

   d. performing marketing or billing services of any kind.

3. "**Credit repair organization**" means any person or entity that uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person or entity can or will sell, provide, or perform) any credit repair service.

4. **"Credit repair service"** means any service, in return for payment of money or other consideration, for the express or implied purpose of:

    a. improving any consumer's credit record, credit history, or credit rating; or

    b. providing advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating.

5. **"Defendants"** means Successful Credit Service Corporation, dba Success Credit Services, and Tracy Ballard, aka Tracy Ballard-Straughn.

6. **"Individual Defendant"** means Defendant Tracy Ballard a.k.a. Tracy Ballard-Straughn.

7. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which the information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

8. **"Plaintiff"** or **"Commission"** or **"FTC"** means the Federal Trade Commission.

## I.

## PROHIBITED BUSINESS ACTIVITIES:

## Injunction Against Violations of Section 5 of the FTC Act

**IT IS THEREFORE ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale, or sale of credit repair services to consumers, Defendants and their successors, assigns, members, officers, agents, servants, employees, and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service

or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are **hereby restrained and enjoined** from falsely representing or from knowingly assisting others who are falsely representing, either orally or in writing, expressly or by implication, any material fact, including, but not limited to:

    **A.**    that a credit repair organization can improve substantially consumers' credit reports or profiles by permanently removing negative information from consumers' credit reports, even where such information is accurate and not obsolete; and

    **B.**    any other fact material to a consumer's decision to participate in any credit repair program.

## II.

### Injunction Against Violations of the Credit Repair Organizations Act

**IT IS FURTHER ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale, or sale of credit repair services to consumers, Defendants, and their successors, assigns, members, officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are **hereby restrained and enjoined** from violating or assisting others in violating the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j, as presently enacted or as it may hereafter be amended, by:

    **A.**    Violating 15 U.S.C. § 1679b(a)(3) by making or using untrue or misleading representations to induce consumers to purchase their services, including, but not limited to, misrepresenting that a credit repair organization can improve substantially consumers' credit

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

reports or profiles by permanently removing negative information from consumers' credit reports, even where such information is accurate and not obsolete; and

**B.** Violating 15 U.S.C. § 1679b(b) by charging or receiving money or other valuable consideration for the performance of credit repair services, before such services are fully performed.

## III.
## ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are **hereby temporarily restrained and enjoined** from:

**A.** Transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, perfecting a security interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, wherever located, including outside the United States, that are:

**1.** owned or controlled by, or in the actual or constructive possession of any Defendant;

**2.** owned or controlled by, or held for the benefit of, directly or indirectly, any Defendant, in whole or in part;

**3.** held by an agent of any Defendant as a retainer for the agent's provision of services to Defendants; or

**4.** owned or controlled by, or in the actual or constructive possession of or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any of the Defendants,

including, but not limited to, any assets held by, for, or subject to access by, any of the Defendants at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind;

**B.** Opening or causing to be opened, unless accompanied by Counsel for the Commission, any safe deposit boxes titled in the name of any Defendant, or subject to access by any Defendant;

**C.** Obtaining a personal or secured loan encumbering the assets of any Defendant, or subject to access by any Defendant;

**D.** Incurring liens or other encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant; or

**E**. Incurring charges or cash advances on any bank card, issued in the name, singly or jointly, of any Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant.

**IT IS FURTHER ORDERED** that the assets affected by this Paragraph shall include assets acquired by any Defendant following entry of the October 17, 2008 TRO or this Order only if such assets are derived from the operation of any activity prohibited by this Order or derived from any other violation of Section 5(a) of the FTC or from any violation of the Credit Repair Organizations Act.

## IV.

## FINANCIAL STATEMENTS

**IT IS FURTHER ORDERED** that, to the extent they have not already done so, Defendants shall each, within 48 hours after service of this Order, prepare and

1 | deliver a Financial Statement to counsel for the Commission as follows:

2     **A.**     The Individual Defendant shall for herself,

3          **1.**     Complete and deliver the "Financial Statement of Individual" for herself that is attached to this Order as Attachment 1; and

5          **2.**     For each business entity she owns, controls, or operates, or of which she is any officer, and for each trust of which she is a trustee, complete and deliver the "Financial Statement of Corporate Defendant," that is attached to this Order as Attachment 2.

10     **B.**     The Corporate Defendant shall complete and deliver the "Financial Statement of Corporate Defendant" that is attached to this Order as Attachment 2, provided that the Corporate Defendant need not separately complete this form if it is provided by the Individual Defendant pursuant to this Section; and

15     **C.**     Each Defendant shall also file with the Court a Proof of Service certifying compliance with this paragraph and that a Financial Statement has been completed for each Defendant and for each business entity under which they conduct business, or of which they are an officer , and of each trust for which they are a trustee.  The Financial Statements shall be accurate as of the date of the entry of this Order and shall be verified under oath.

## V.

## REPATRIATION OF ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that Defendants and each of their successors, assigns, members, officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity,

1  corporation, subsidiary, division, affiliate or other device, shall:

2  **A.**  Within three (3) business days following the service of this Order, take such steps as are necessary to transfer to the territory of the United States of America all documents and assets that are located outside of such territory and are held:

   1. by them;
   2. for their benefit; or
   3. under their direction or indirect control, jointly or singly;

**B.**  Hold and retain all transferred documents and assets and prevent any transfer, disposition, or dissipation whatsoever of any such assets or funds;

**C.**  Within three (3) business days following service of this Order, provide Plaintiff with a full accounting of all documents and assets that are located outside of the territory of the United States of America and are held by or for Defendants or are under Defendants' direct or indirect control, jointly, severally, or individually and

**D.**  Provide Plaintiff access to Defendants' records and documents held by financial institutions outside the territorial United States, by signing the "Consent to Release of Financial Records," attached hereto as Attachment 3.

## VI.
## PRODUCTION OF DOCUMENTS AND DATA

**IT IS FURTHER ORDERED** that Defendants shall, within forty-eight (48) hours of service of this Order, produce to Plaintiff at its offices located at 915 Second Avenue, Suite 2896, Seattle, Washington 98174, or other mutually agreeable location for inventory and copying, all correspondence, email, financial data including tax returns, and any other documents, computer equipment, and

1 electronically stored information in Defendants' possession, custody, or control, that contains information about Defendants' business and assets. Plaintiff shall return the documents or computer equipment to Defendants within five (5) business days of completing said inventory and copying.

To the extent they have possession, custody, or control of documents described above, Defendants shall produce the documents as they are kept in the usual course of business. Defendants, to the extent they have possession, custody, or control of computer equipment or electronically stored information described above, shall provide Plaintiff with any necessary means of access to the computer equipment or electronically stored information, including, but not limited to, computer access codes and passwords.

**IT IS FURTHER ORDERED** that the Commission's access to Defendants' documents pursuant to this provision shall not provide grounds for any Defendant to object to any subsequent request for documents served by the Commission pursuant to Rule 34 of the Federal Rules of Civil Procedure.

## VII.
## DUTIES OF ASSET HOLDERS

**IT IS FURTHER ORDERED** that any financial or brokerage institution, business entity, or person served with a copy of this Order that holds, controls, or maintains custody of any account or asset of any Defendant, or has held, controlled, or maintained custody of any such account or asset at any time since the date of entry of this Order shall:

**A.** Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such asset except by further order of this Court;

**B.** Deny Defendants access to any safe deposit box that is:

    **1.** titled in the name of any Defendant, either individually or jointly; or

    **2.** otherwise subject to access by any Defendant;

  **C.** Provide the FTC's counsel, within five (5) business days of receiving a copy of this Order, a sworn statement setting forth:

    **1.** the identification number of each account or asset titled in the name, individually or jointly, of any of the Defendants, or held on behalf of, or for the benefit of, any of the Defendants;

    **2.** the balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

    **3.** the identification of any safe deposit box that is either titled in the name, individually or jointly, of any of the Defendants, or is otherwise subject to access by any of the Defendants; and

  **D.** Upon the request of the FTC, promptly provide the FTC with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

//
//
//

# VIII.
# CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency served with this Order shall promptly furnish consumer reports as requested concerning the Individual Defendant to the counsel for the Commission.

# IX.
# BANKRUPTCY PETITIONS

**IT IS FURTHER ORDERED** that the Defendants are hereby prohibited from filing, or causing to be filed, a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., without prior permission from this Court.

# X.
# PRESERVATION OF EXISTING RECORDS

**IT IS FURTHER ORDERED** that Defendants Successful Credit Service Corporation, dba Success Credit Services, and Tracy Ballard, aka Tracy Ballard-Straughn, and each of their successors, assigns, members, officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby temporarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any contracts, accounting data, correspondence, email, advertisements, computer tapes, discs, or other computerized storage media, books, written or printed records, handwritten notes, telephone logs, telephone scripts, recordings, receipt books, ledgers, personal and business cancelled checks

1  and check registers, bank statements, appointment books, copies of federal, state or
2  local business or personal income or property tax returns, and other documents or
3  records of any kind that relate to the business practices or business or personal
4  finances of Defendants, individually and jointly.

## XI.

## DUTIES OF HOSTS OF DEFENDANTS' COMPUTER EQUIPMENT

**IT IS FURTHER ORDERED** that pending resolution of Plaintiff's request for a Preliminary Injunction, any person who owns or controls any business premises, or other location, on which any computer equipment owned or leased by any Defendant is located shall:

**A.** Disconnect any such computer equipment from the Internet and from any other means of remote access by Defendants or any other person, and take no step to reconnect the computer equipment except as authorized by further order of this Court;

**B.** Deny Defendants and any other person access to the computer equipment except as authorized by further order of this Court;

**C.** Prevent the removal of the computer equipment from its present location except as authorized by further order of this Court; and

**D.** Provide counsel for the FTC, within three (3) business days of receipt of a copy of this Order, with a sworn statement disclosing the location of the computer equipment, and describing, to the extent known, the make(s) and model(s) of the computer equipment, as well as the operating system(s) in use, and the number, size and capacity of any mass storage arrays or devices, in order that the FTC may arrange for imaging of the contents of any such mass storage arrays or devices.

//
//

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

# XII.

## MAINTENANCE OF BUSINESS RECORDS

**IT IS FURTHER ORDERED** that Defendants Successful Credit Service Corporation, dba Success Credit Services, and Tracy Ballard, aka Tracy Ballard-Straughn, and each of their successors, assigns, members, officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, shall:

**A.** Create and maintain full and complete records that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of all money from whatever source—whether for personal or business purposes– during the pendency of this litigation; and

**B.** Prior to creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship, corporation or limited liability company, Defendants must first provide the FTC with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities.

# XIII.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, sales entity, successor, assign, member, officer, employee, agent, servant, attorney, subsidiary, division, and representative of any

Defendant, and shall, within five (5) days from the date of entry of this Order, provide the FTC with a sworn statement that Defendants have complied with this provision of the Order, which statement shall include the names and addresses of each such person or entity who received a copy of this Order.

## XIV.
## MONITORING

**IT IS FURTHER ORDERED** that agents or representatives of the FTC may contact Defendants or Defendants' agents or representatives directly and anonymously for the purpose of monitoring compliance with Paragraphs I and II of this Order, and may tape record any oral communications that occur in the course of such contacts.

## XV.
## SERVICE ON FINANCIAL INSTITUTIONS, ENTITIES OR PERSONS

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, email, and overnight delivery service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution. For purposes of service on anyone in possession of records, assets, property or property rights, actual notice of this Order shall be deemed complete upon service of pages 1 through 19 of this Order.

//
//
//

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

# XVI.

## DEFENSE COUNSEL'S ATTORNEY'S FEES

**IT IS FURTHER ORDERED** that if Defendants retain counsel, the Court will consider awarding reasonable attorney's fees to Defendants' counsel out of frozen funds only upon a showing of good cause upon written motion submitted in accordance with the Local Rules of this Court. The term "reasonable," however, shall not be solely determined in light of prevailing rates in the community for the work performed, but rather, the Court will also consider what is reasonable in light of the totality of the circumstances, including the likelihood of success, the amount of gross receipts from consumers, and the amount of frozen assets. Defendants' attorney's fees shall not be paid until after Defendants' gross receipts from consumers are ascertained.

# XVII.

## RELEASE OF FUNDS TO DEFENDANTS

**IT IS FURTHER ORDERED** that upon full compliance with Paragraph IV herein, including submission of completed sworn Financial Statements, and after a determination is made as to the total amount of funds frozen in accounts belonging to all Defendants, where ever situated:

    **A.**    Individual Defendant Ballard and counsel for the Commission may commence negotiations as to the release of frozen monies to be used for ordinary, reasonable and necessary living expenses for herself, *provided that*, Individual Defendant Ballard has first established that she has no other source of funds and any release of funds shall be limited to no more than six months. No funds for personal living expenses shall be released from frozen corporate assets; and

    **B.**    Individual Defendant Ballard and counsel for the Commission shall attempt in good faith to reach agreement on the amount of living

expenses to be paid from frozen funds. Any agreement shall be presented to the Court as a stipulation and order and shall not take effect until approved by the Court. If the parties are unable to reach agreement, either party may seek the Court's intervention on an expedited basis.

## XVIII.
## GENERAL SERVICE OF ORDER

**IT IS FURTHER ORDERED THAT** pursuant to Fed. R. Civ. P. 4(c)(2), this Order and the initial papers filed in this matter may be served on Defendants, upon the business premises of Defendants, and upon any financial institution or other entity or person that may have possession, custody or control of any documents or assets of any Defendant, or that may be subject to any provision of this Order, by employees of the FTC, by employees of any other law enforcement agency, by any agent of Plaintiff or by any agent of any process service retained by Plaintiff.

## XIX.
## LIMITED EXPEDITED ASSET DISCOVERY

**IT IS FURTHER ORDERED** that, the Commission is granted leave at any time after service of this Order to conduct limited discovery for the purpose of discovering the nature, location, status, and extent of assets of any of the Defendants or of their affiliates or of their subsidiaries. Counsel for the Commission may:

    **A.**    Take the deposition of any person or entity, without limitation;

    **B.**    Serve interrogatories, requests for admission or requests for production of documents on any Defendant; and

    **C.**    Demand production of documents from any person or entity relating

to the nature, status, location and extent of any of Defendants' assets.

Thirty-six (36) hours notice shall be deemed sufficient for any such deposition and forty-eight (48) hours notice shall be deemed sufficient for production of any documents or responses to written requests. The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2)(B) and 31(a)(2)(B) shall not apply to depositions taken pursuant to this paragraph. Any discovery taken or propounded by the Commission pursuant to this Paragraph is in addition to, and not subject to, any limits on the quantity of permissible discovery provided for in the Federal Rules of Civil Procedure or the rules of this Court. Any limitations and conditions set forth in the Federal Rules of Civil Procedure or the rules of this Court regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Paragraph.

## XX.
## CORRESPONDENCE

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

> Jennifer Larabee and Nadine Samter
> Federal Trade Commission
> 915 Second Avenue, Suite 2896
> Seattle, Washington 98174
> FAX: 206-220-6366
> Email: jlarabee@ftc.gov;  nsamter@ftc.gov

## XXIII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED,** this 31 day of October, 2008, at 11 a.m. (PT).

_____
**THE HONORABLE OTIS D. WRIGHT II**
**UNITED STATES DISTRICT JUDGE**