WILLARD K. TOM
General Counsel
ROBERT J. SCHROEDER,
Regional Director
JENNIFER LARABEE (CA Bar #163989)
NADINE S. SAMTER (WA Bar # 23881)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-6350     (206) 220-6366 (fax)
jlarabee@ftc.gov, nsamter@ftc.gov

JOHN D. JACOBS (CA Bar #134154)
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024
(310) 824-4360 (voice)
(310) 824-4380 (fax)
jjacobs@ftc.gov

JS - 6

ATTORNEYS FOR PLAINTIFF

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SUCCESSFUL CREDIT SERVICE CORPORATION, a California corporation dba SUCCESS CREDIT SERVICES and TRACY BALLARD aka TRACY BALLARD-STRAUGHN, individually and as an officer and/or director of Successful  Credit Service,<br><br>Defendants. | CV08-6829 ODW (SHx)<br><br>**FINAL JUDGMENT AND FINAL ORDER FOR PERMANENT INJUNCTION AGAINST ALL DEFENDANTS**<br><br>No Hearing Date Requested |

## BACKGROUND

On October 16, 2008, Plaintiff Federal Trade Commission ("FTC" or "Commission"), filed a Complaint for Injunctive and Other Equitable Relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC

Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 410(b) of the Credit Repair Organizations Act, 15 U.S.C. § 1679h(b), to obtain temporary, preliminary, and permanent injunctive relief, rescission of contracts and restitution, disgorgement of ill-gotten gains, and other equitable relief against Defendants Tracy Ballard aka Tracy Ballard-Straughn ("Ballard") and Successful Credit Services dba Success Credit Services ("Success")(collectively referred to as "Defendants") for engaging in deceptive acts or practices in connection with the advertising, marketing, promotion, offering for sale, or sale of credit repair services in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and in violation of multiple sections of the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j.  On October 17, 2008, the Court issued the *ex parte* temporary restraining order and issued an order to show cause why a preliminary injunction ought not be granted.  Subsequently the parties entered into a Stipulated Preliminary Injunction, which was entered by this Court on October 31, 2008.  That Preliminary Injunction remains in full force and effect.

Now Plaintiff Commission and Defendants, by and through their attorneys, have agreed to entry of this Stipulated Final Judgment and Final Order for Permanent Injunction Against all Defendants ("Order") without adjudication of any issue of fact or law in order to resolve all claims against Defendants in this action.  The parties further agree that entry of this Order in the docket by the Court will constitute notice to the Defendants of the terms and conditions of the Order.

Plaintiff and Defendants having requested the Court to enter this Order, the Court hereby finds and orders as follows:

# **FINDINGS OF FACT**

1.     This Court has jurisdiction over the subject matter of this case and personal jurisdiction over Defendants.

2.      Defendants were properly served with the Complaint and Summons in this matter.

3.      The Complaint states a claim upon which relief may be granted against Defendants under Sections 5, 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45, 53(b), and 57b, and Section 410(b) of the Credit Repair Organizations Act, 15 U.S.C. § 1679h(b).

4.      Defendants are a "credit repair organization," as that term is defined in Section 403(3) of the Credit Repair Organizations Act, 15 U.S.C. § 1679a(3).

5.      Venue in this district is proper under 28 U.S.C. § 1391(b) and 15 U.S.C. § 53(b).

6.      The activities of Defendants are "in or affecting commerce" as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

7.      Defendant BALLARD consented to the entry of the PI against her and against Defendant SUCCESS and was properly served with the PI in this matter.

8.      In their Answer to the Complaint, Defendants admit that they charged or received money or other valuable consideration for the performance of credit repair services that they had agreed to perform before the services were fully performed, in violation of Section 404(b) of the Credit Repair Organizations Act, 15 U.S.C. § 1679b(b).

9.      Defendants have read and fully understand the Complaint against them and the provisions of this Order, and they enter into this Order freely and without coercion, and acknowledge that they understand the provisions of this Order and are prepared to abide by its terms.

10.      Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.

11.      Defendants waive any claim that they may hold against the Commission, its employees, representatives or agents.

12.      Defendants waive any claim that they may hold under the Equal Access to Justice Act, 28 U.S.C. § 2412, *as amended by* Pub. L. 104-121, 110 Stat. 847, 863-64 (1996) concerning the prosecution of this action to the date of this Order, and any rights to attorneys' fees that may arise under said provision of law.

13.      All parties shall bear their own costs and attorneys' fees.

14.      This Order is remedial in nature and shall not be construed as the payment of a fine, penalty, punitive assessment, or forfeiture.

15.      This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

16.      Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.      **"Assets"** means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited, to "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," "notes" (as these terms are defined in the Uniform Commercial Code), and all chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and cash, wherever located.

B.      **"Assisting others"** includes, but is not limited to:  (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any marketing material; (3) providing names of, or assisting in the generation of, potential customers; or (4) performing marketing or billing services of any kind.

C.      **"Consumer information"** means any record about an individual,

1  whether in paper, electronic, or other form, that is a consumer report or is derived

2  from a consumer report.  Consumer information also means a compilation of such

3  records.

4       D.    **"Credit repair organization"** shall have the meaning ascribed to

5  that term in Section 403(3) of the Credit Repair Organizations Act, 15 U.S.C.

6  § 1679a(3).  A complete copy of the Credit Repair Organizations Act, 15 U.S.C.

7  § 1679-1679j, is attached as Attachment A.

8       E.    **"Credit repair service"** means any service, in return for payment of

9  money or other valuable consideration, for the express or implied purpose of:  (1)

10  improving any consumer's credit record, credit history, or credit rating; or (2)

11  providing advice or assistance to any consumer with regard to any activity or

12  service the purpose of which is to improve a consumer's credit record, credit

13  history, or credit rating.

14       F.    **"Customer"** means any person who has paid, or may be required to

15  pay, for goods or services offered for sale or sold by the Defendants.

16       G.    **"Individual Defendant"** means TRACY BALLARD aka TRACY

17  BALLARD-STRAUGHN.

18       H.    **"Corporate Defendant"** means SUCCESSFUL CREDIT

19  SERVICES, INC., dba SUCCESS CREDIT SERVICES and its successors and

20  assigns.

21       I.    **"Defendants"** means the Individual Defendant and the Corporate

22  Defendant, individually, collectively, or in any combination.

23       J.    **"Document"** is synonymous in meaning and equal in scope to the

24  usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings,

25  drawings, graphs, charts, photographs, audio and video recordings, computer

26  records, and other data compilations from which the information can be obtained

27  and translated, if necessary, through detection devices into reasonably usable

28  form.  A draft or non-identical copy is a separate document within the meaning of

1  the term.

2     K. **"Person"** means a natural person, an organization or other legal

3  entity, including a corporation, partnership, sole proprietorship, limited liability

4  company, association, cooperative, or any other group or combination acting as an

5  entity.

6     L. **"Plaintiff"** means the Federal Trade Commission.

7

8  # ORDER

9  ## I.

10  ## PROHIBITED BUSINESS ACTIVITIES

11  ## PURSUANT TO THE FEDERAL TRADE COMMISSION ACT

12     **IT IS HEREBY ORDERED** that, in connection with the advertising,

13  marketing, promotion, offering for sale, or sale of any good or service, including,

14  but not limited to, any credit repair service, Defendants, and their officers, agents,

15  servants, employees, attorneys, and those persons in active concert or participation

16  with any of them who receive actual notice of this Order by personal service or

17  otherwise, whether acting directly or through any entity, corporation, subsidiary,

18  division, affiliate or other device, are hereby permanently restrained and enjoined

19  from misrepresenting, or assisting others in misrepresenting, either orally or in

20  writing, expressly or by implication, any material fact, including, but not limited

21  to:

22     A. That Defendants can improve substantially consumers' credit reports

23       or profiles by permanently removing negative information from

24       consumers' credit reports, even where such information is accurate

25       and not obsolete;

26     B. Their ability to otherwise improve or otherwise affect a consumer's

27       credit report or profile or ability to obtain credit;

28     C. The total cost to purchase, receive, or use the goods or services;

1  D.    Any material restrictions, limitations, or conditions to purchase,

2         receive, or use the goods or services;

3  E.    Any material aspect of the nature or terms of a refund, cancellation,

4         exchange, or repurchase policy for the goods or services; or

5  F.    Any other material aspect of the performance, efficacy, nature, or

6         central characteristics of the goods or services.

7

8  **II.**

9  **PROHIBITED BUSINESS ACTIVITIES**

10  **PURSUANT TO THE CREDIT REPAIR ORGANIZATIONS ACT**

11  **IT IS FURTHER ORDERED** that, in connection with the advertising,

12  marketing, promotion, offering for sale, or sale of any credit repair service to

13  consumers, Defendants, and their officers, agents, servants, employees, attorneys,

14  and those persons in active concert or participation with any of them who receive

15  actual notice of this Order by personal service or otherwise, whether acting

16  directly or through any entity, corporation, subsidiary, division, affiliate or other

17  device, are hereby permanently restrained and enjoined from violating, or

18  assisting others in violating, the Credit Repair Organizations Act, 15 U.S.C. §§

19  1679-1679j, including, but not limited to:

20  A.    By making or using untrue or misleading representations to induce

21         consumers to purchase their services, including, but not limited to,

22         misrepresenting that a credit repair organization can improve

23         substantially consumers' credit reports or profiles by permanently

24         removing negative information from consumers' credit reports, even

25         where such information is accurate and not obsolete, in violation of

26         Section 404(a)(3), 15 U.S.C. § 1679b(a)(3); or

27  B.    By charging or receiving money or other valuable consideration for

28         the performance of any credit repair services, before such service was

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

fully performed, in violation of Section 404(b), 15 U.S.C. §1679b(b).

## III.

## PROHIBITION ON COLLECTING ACCOUNTS
## AND NOTICE TO CONSUMERS

**IT IS FURTHER ORDERED** that:

A.    Defendants, and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby permanently restrained and enjoined from attempting to collect, collecting, selling, or assigning, or otherwise transferring any right to collect payment for any credit repair service from any consumer who purchased or agreed to purchase such credit repair service from any Defendant prior to the entry of the October 16, 2008, Temporary Restraining Order with Asset Freeze, Order Permitting Expedited Discovery, and Order to Show Cause Why a Preliminary Injunction Should Not Issue;

B.    Within twenty (20) days of entry of this Order, Defendants shall mail via first-class, postage pre-paid, notices in the form of Attachment B to all consumers actively enrolled in Defendants' credit repair business as of October 16, 2008.  No information other than that contained in Attachment B shall be included in, added to or omitted from the notice required by this Section III, nor shall any other materials be transmitted therewith.  Defendants shall notify the Commission of their compliance with this section within five (5) days of completion of the mailing by sending a sworn statement to

1   counsel of record affirming that they have completed the mailing and
2   including a list, including addresses, of all persons to whom notice
3   was sent.

4

5   ## IV.

6   ## DIRECTION REGARDING CUSTOMER INFORMATION

7   **IT IS FURTHER ORDERED** that Defendants, and their officers, agents,
8   servants, employees, and attorneys, and all other persons in active concert or
9   participation with any of them who receive actual notice of this Order by personal
10  service or otherwise, are permanently restrained and enjoined from:

11      A.   disclosing, using, or benefitting from customer information,
12           including the name, address, telephone number, email address, social
13           security number, other identifying information, or any data that
14           enables access to a customer's account (including a credit card, bank
15           account, or other financial account), of any person which any
16           Defendant obtained prior to entry of this Order in connection with the
17           operation of Defendants' credit repair service; and

18      B.   failing to dispose of such customer information in all forms in their
19           possession, custody, or control within thirty (30) days after entry of
20           this Order.  Disposal shall be by means that protect against
21           unauthorized access to the customer information, such as by burning,
22           pulverizing, or shredding any papers, and by erasing or destroying
23           any electronic media, to ensure that the customer information cannot
24           practicably be read or reconstructed.

25  **Provided, however,** that customer information need not be disposed of, and may
26  be disclosed, to the extent requested by a government agency or required by a law,
27  regulation, or court order.

28

# V.

## SUSPENDED MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.   Judgment,  in the form of equitable monetary relief, is hereby entered against Defendants, jointly and severally, in the amount of $8,325,493.00 (EIGHT MILLION THREE HUNDRED TWENTY-FIVE  THOUSAND FOUR HUNDRED AND NINETY THREE DOLLARS); ***provided, however***, that this judgment shall be suspended subject to the conditions set forth in Section VI of this Order.

B.   All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress, and any attendant expenses for the administration of such equitable relief fund.  Defendants shall cooperate fully to assist the Commission in identifying consumers who may be entitled to redress pursuant to this Order.  If the Commission determines, in its sole discretion, that redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer education remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement.  Defendants shall have no right to challenge the Commission's choice of remedies under this Section, and shall have no right to contest the manner of distribution chosen by the Commission.  This judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive

1    assessment, or forfeiture;

2    C.   In the event of any default on Defendants' obligation to make

3         payment under this Section, interest, computed pursuant to 28 U.S.C.

4         § 1961, as amended, shall accrue from the date of default to the date

5         of payment, and shall immediately become due and payable;

6    D.   Defendants relinquish all dominion, control, and title to the funds

7         paid to the fullest extent permitted by law.  Defendants shall make no

8         claim to or demand return of the funds, directly or indirectly, through

9         counsel or otherwise;

10   E.   Defendants agree that the facts as alleged in the Complaint filed in

11        this action shall be taken as true without further proof in any

12        bankruptcy case or subsequent civil litigation pursued by the

13        Commission to enforce its rights to any payment or money judgment

14        pursuant to this Order, including, but not limited to, a

15        nondischargeability complaint in any bankruptcy case.  Defendants

16        further stipulate and agree that the facts alleged in the Complaint

17        establish all elements necessary to sustain an action pursuant to, and

18        that this Order shall have collateral estoppel effect for purposes of,

19        Section 523(a)(2)(A) of the Bankruptcy Code,

20        11 U.S.C. § 523(a)(2)(A);

21   F.   In accordance with 31 U.S.C. § 7701, Defendants are hereby

22        required, unless they already have done so, to furnish to the

23        Commission with taxpayer identifying numbers (social security

24        numbers or employer identification numbers), which shall be used for

25        purposes of collecting and reporting on any delinquent amount

26        arising out of their relationship with the government.  Defendant

27        BALLARD is further required, unless she already has done so, to

28        provide the Commission with clear, legible and full-size photocopies

1    of all valid driver's licenses that she possesses, which will be used for

2    reporting and compliance purposes; and

3    G.    Proceedings instituted under this Section are in addition to, and not in

4    lieu of, any other civil or criminal remedies that may be provided by

5    law, including any other proceedings the Commission may initiate to

6    enforce this Order.

7

8    **VI.**

9    **RIGHT TO REOPEN**

10   **IT IS FURTHER ORDERED** that:

11   A.    Within five (5) business days after the date of entry of this Order by

12   the Court, each Defendant shall submit to the Commission a truthful

13   sworn statement (in the form shown on **Attachment C** of this Order),

14   that shall reaffirm and attest to the truthfulness, accuracy, and

15   completeness of the financial statements signed by Defendant

16   BALLARD, both for herself and on behalf of Corporate Defendant

17   SUCCESS (collectively "Financial Statements"), as well as the

18   supporting documentation and the documents produced to the

19   Commission in response to the Commission's Request for

20   Production.  The Commission's agreement to, and the Court's

21   approval of, this Order, including but not limited to the suspension of

22   the monetary judgment against Defendants, is expressly premised

23   upon the truthfulness, accuracy, and completeness of Defendants'

24   financial condition, as represented in the financial statements dated

25   October 21, 2008, including all attachments and supplemental

26   materials, copies of tax returns for both Defendants, Defendant

27   BALLARD's testimony during her asset deposition and in the

28   documents and financial records produced to the Commission in

1    response to the Commission's Request for Production of Documents,

2    all of which the Commission relied upon in negotiating and agreeing

3    to the terms of this Order.

4    B.    If, upon motion by the Commission to the Court, the Court finds that

5    any Defendant, in any of the above-referenced materials, failed to

6    disclose any asset, materially misrepresented the value of any asset,

7    or made any other material misrepresentation or omission, monetary

8    judgment will be entered against such Defendant in favor of the FTC,

9    in the amount of  $8,325,493.00 (EIGHT MILLION THREE

10    HUNDRED TWENTY-FIVE  THOUSAND FOUR HUNDRED

11    AND NINETY THREE DOLLARS), all of which will become

12    immediately due and payable, less any payments already made.

13    ***Provided, however***, that in all other respects, this Order shall remain in full

14    force and effect, unless otherwise ordered by the Court;

15    C.    Notwithstanding any other provision of this Order, Defendants agree

16    that in any subsequent proceedings to enforce payment, including but

17    not limited to a non-dischargeability complaint filed in a bankruptcy

18    proceeding, each Defendant waives any right to contest any of the

19    allegations set forth in the Complaint filed in this matter or the

20    $8,325,493.00 (EIGHT MILLION THREE HUNDRED TWENTY-

21    FIVE  THOUSAND FOUR HUNDRED AND NINETY THREE

22    DOLLARS) judgment referenced above; and

23    D.    Proceedings instituted under this Section are in addition to, and not in

24    lieu of, any other civil or criminal remedies that may be provided by

25    law, including any other proceedings the Commission may initiate to

26    enforce this Order.

27    / /

28    / /

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

## VII.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating compliance with any provision of this Order, and (ii) investigating the accuracy of any Defendants' financial statements upon which the Commission's agreement to this Order is expressly premised:

A.   Within five (5) business days of receipt of written notice from a representative of the Commission, Defendants each shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in each Defendant's possession or direct or indirect control to inspect the business operation;

B.   The Commission is authorized to use all other lawful means, including but not limited to:

1.   obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45, and 69;

2.   posing as consumers and suppliers to Defendants, their employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice; and

C.   Defendants each shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1   ***Provided, however,*** that nothing in this Order shall limit the Commission's

2   lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act,

3   15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things,

4   testimony, or information relevant to unfair or deceptive acts or practices in or

5   affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

6

7                                    **VIII.**

8                          **COMPLIANCE REPORTING**

9          **IT IS FURTHER ORDERED** that, in order that compliance with the

10   provisions of this Order may be monitored:

11          A.      For a period of four (4) years from the date of entry of this Order,

12                  1.     The Individual Defendant shall notify the Commission of the

13                         following:

14                         a.     any changes in such Defendant's residence, mailing

15                                addresses, and telephone numbers, within fifteen (15)

16                                days of the date of such change;

17                         b.     any changes in such Defendant's employment status

18                                (including self-employment), and any change in such

19                                Defendant's ownership in any business entity, within

20                                fifteen (15) days of the date of such change.  Such notice

21                                shall include the name and address of each business that

22                                such Defendant is affiliated with, employed by, creates

23                                or forms, or performs services for; a detailed description

24                                of the nature of the business; and a detailed description

25                                of such Defendant's duties and responsibilities in

26                                connection with the business or employment; and

27                         c.     any changes in such Defendant's name or use of any

28                                aliases or fictitious names;

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1                2.      Defendants shall notify the Commission of any changes in

2                      structure of any Corporate Defendant or any business entity

3                      that any Defendant directly or indirectly controls, or has an

4                      ownership interest in, that may affect compliance obligations

5                      arising under this Order, including but not limited to:

6                      incorporation or other organization; a dissolution, assignment,

7                      sale, merger, or other action; the creation or dissolution of a

8                      subsidiary, parent, or affiliate that engages in any acts or

9                      practices subject to this Order; or a change in the business

10                    name or address, at least thirty (30) days prior to such change,

11                    ***provided that***, with respect to any proposed change in the

12                    business entity about which a Defendant learns less than thirty

13                    (30) days prior to the date such action is to take place, such

14                    Defendant shall notify the Commission as soon as is

15                    practicable after obtaining such knowledge.

16      B.     One hundred eighty (180) days after the date of entry of this Order,

17          and annually thereafter for a period of four (4) years, Defendants

18          each shall provide a written report to the Commission, which is true

19          and accurate and sworn to under penalty of perjury, setting forth in

20          detail the manner and form in which they have complied and are

21          complying with this Order.  This report shall include, but not be

22          limited to:

23                1.      For the Individual Defendant:

24                    a.      Defendant's then-current residence address, mailing

25                          addresses, and telephone numbers;

26                    b.      Defendant's then-current employment status (including

27                            self-employment), including the name, addresses, and

28                          telephone numbers of each business that Defendant is

1                       affiliated with, employed by, or performs services for; a

2                       detailed description of the nature of the business; and a

3                       detailed description of Defendant's duties and

4                       responsibilities in connection with the business or

5                       employment; and

6               c.      any other changes required to be reported under

7                       Subsection A of this Section.

8         2.     For all Defendants:

9               a.      a copy of each acknowledgment of receipt of this Order,

10                       obtained pursuant to Section X titled "Distribution of

11                       Order;"

12               b.      any other changes required to be reported under

13                       Subsection A of this Section;

14   C.    Each Defendant shall notify the Commission of the filing of a

15         bankruptcy petition by such Defendant within fifteen (15) days of

16         filing.

17   D.    For the purposes of this Order, Defendants shall, unless otherwise

18         directed by the Commission's authorized representatives, send by

19         overnight courier all reports and notifications required by this Order

20         to the Commission to the following address:

21               Associate Director for Enforcement
                    Federal Trade Commission

22               600 Pennsylvania Avenue, N.W., Room NJ-2122
                    Washington, D.C. 20580

23               RE: *FTC v. Successful Credit Services et al*
                    CV08-6829 ODW

24

25       ***Provided*** that, in lieu of overnight courier, Defendants may send such

26 reports or notifications by first-class mail, but only if Defendants

27 contemporaneously send an electronic version of such report or notification to the

28 Commission at: DEBrief@ftc.gov .

E.      For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with each Defendant.

## IX.
## RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of seven (7) years from the date of entry of this Order, Defendants, and any business in which an Individual Defendant is the majority owner of the business or directly or indirectly manages or controls the business, and their agents, employees, officers, corporations, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A.      Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.      Personnel records accurately reflecting:  the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.      Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.      Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

E.      Copies of all sales scripts, training materials, advertisements, direct

1    mail solicitations, contracts sent to consumers, or other marketing

2    materials; and

3    F.    All records and documents necessary to demonstrate full compliance

4          with each provision of this Order, including but not limited to, copies

5          of acknowledgments of receipt of this Order required by the Sections

6          titled "Distribution of Order" and "Acknowledgment of Receipt of

7          Order" and all reports submitted to the FTC pursuant to the Section

8          titled "Compliance Reporting."

9

10                                      **X.**

11                        **DISTRIBUTION OF ORDER**

12        **IT IS FURTHER ORDERED** that, for a period of five (5) years from the

13   date of entry of this Order, Defendants must deliver copies of this Order,

14   including Attachments A and B, as directed below:

15   A.    Corporate Defendant:  Each Corporate Defendant must deliver a copy

16         of this Order to (1) all of its principals, officers, directors, and

17         managers; (2) all of its employees, agents, and representatives who

18         engage in conduct related to the subject matter of the Order; and (3)

19         any business entity resulting from any change in structure set forth in

20         Subsection A.2 of the Section titled "Compliance Reporting."  For

21         current personnel, delivery shall be within five (5) days of service of

22         this Order upon such Defendant.  For new personnel, delivery shall

23         occur prior to them assuming their responsibilities.  For any business

24         entity resulting from any change in structure set forth in Subsection

25         A.2 of the Section titled "Compliance Reporting" delivery shall be at

26         least ten (10) days prior to the change in structure.

27   B.    Individual Defendant as control person:  For any business that an

28         Individual Defendant controls, directly or indirectly, or in which such

1   Defendant has a majority ownership interest, such Defendant must

2   deliver a copy of this Order to (1) all principals, officers, directors,

3   and managers of that business; (2) all employees, agents, and

4   representatives of that business who engage in conduct related to the

5   subject matter of the Order; and (3) any business entity resulting from

6   any change in structure set forth in Subsection A.2 of the Section

7   titled "Compliance Reporting."  For current personnel, delivery shall

8   be within five (5) days of service of this Order upon such Defendant.

9   For new personnel, delivery shall occur prior to them assuming their

10   responsibilities.  For any business entity resulting from any change in

11   structure set forth in Subsection A.2 of the Section titled

12   "Compliance Reporting," delivery shall be at least ten (10) days prior

13   to the change in structure.

14   C.   Individual Defendant as employee or non-control person:  For any

15   business where an Individual Defendant is not a controlling person of

16   a business but otherwise engages in conduct related to the subject

17   matter of this Order, such Defendant must deliver a copy of this

18   Order to all principals and managers of such business before

19   engaging in such conduct.

20   D.   Defendants must secure a signed and dated statement acknowledging

21   receipt of the Order, within thirty (30) days of delivery, from all

22   persons receiving a copy of the Order pursuant to this Section.

23

24   **XI.**

25   **ACKNOWLEDGMENT OF RECEIPT OF ORDER**

26   **IT IS FURTHER ORDERED** that each Defendant, within five (5)

27   business days of receipt of this Order as entered by the Court, must submit to the

28   Commission a truthful sworn statement acknowledging receipt of this Order.

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

## XII.

### DISSOLUTION OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze on the Assets of Defendants, imposed by the Stipulated Preliminary Injunction, shall immediately be lifted.  A financial institution shall be entitled to rely upon a letter from Plaintiff stating that the freeze on the Assets of Defendants has been lifted.

## XIII.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**.

DATED this 17th day of September, 2009.

_____
**THE HONORABLE OTIS D. WRIGHT**
**UNITED STATES DISTRICT JUDGE**

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350